THE LAW OFFICE OF
# ELISA HYMAN, P.C.

March 8, 2022

**Via ECF**
Hon. Lorna G. Schofield, United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:  *M.B. obo M.B.1 v. NYC Dep't of Educ., et al.*, No. 21-cv-2203 (LGS)

Dear Judge Schofield:

      I represent the Plaintiffs in the above-referenced case and am submitting this letter motion for reconsideration of Your Honor's denial of Plaintiffs' request for a stay of discovery, ECF No. 41. Defendants do not join in this motion or the request for a stay in part due to Your Honor's statements concerning Defendants' delay, but do not object to Plaintiffs' motion or stay application.

      Your Honor's statement that "No stays will be granted because of the NYC Department of Education's prior delays in this case," ECF No. 41, is prejudicial to Plaintiffs, who were not responsible for the delays, and will make settlement, which both parties are diligently working towards, difficult to achieve.

      First, as Your Honor will recall, Plaintiffs served Defendants their Initial Disclosures and Request for Production of Documents ("RFP") pursuant to the original Case Management Plan deadlines, ECF No. 28. *See* ECF No. 32. Defendants' previous counsel failed to serve Initial Disclosures and respond to the RFP but indicated an interest in settlement. *See* ECF No. 32. Plaintiffs had requested information from Defendants in order to craft a settlement demand but Defendants had failed to provide it. While the requested information was not forthcoming, Defendants did subsequently provide the primary relief that Plaintiffs were seeking in this action, to wit, reimbursement to Plaintiff M.B. and M.B.1's providers and school. Defendants' current counsel did provide the requested information in February. Thus, it was Defendants' prior delay in failing to comply with discovery and in providing Plaintiffs necessary information for settlement, which caused a standstill in the settlement process and litigation. Defendants' deficiencies – both procedural (discovery) and substantive (relief) – however, have now been corrected.

      Due to the procedures required to settle an action for fees with Defendants, it is difficult and prejudicial, particularly to Plaintiffs, to proceed on a litigation and settlement track at the same time in this case.[1] If Plaintiffs must proceed with discovery in March, Plaintiffs' counsel

---
[1] Pursuant to the First Amended Civil Case Management Plan, ECF No. 37, fact discovery must be completed by April 25, 2022, with the parties undertaking depositions during March, 2022.

1115 BROADWAY, 12TH FL.        42 WEST 24TH STREET, 2ND FLOOR
NEW YORK, NY 10010        NEW YORK, NY 10010
WWW.SPECIALEDLAWYER.COM

will have to expend significant time conducting discovery, which will significantly increase Plaintiffs' fees on this case.[2]  Because of the process required for Defendants to settle this matter, *i.e.*, Defendants must seek Comptroller authority to negotiate settlement of attorneys' fees, a time-consuming process which can take two weeks or more from the time that Defendants' counsel submits a settlement memorandum to the Comptroller, no further progress can be made towards settlement until Comptroller authority is granted.  However, without a stay, during this time while the parties wait for Comptroller approval, the parties must continue with their discovery obligations and counsel's fees will continue to increase.  Indeed, since the time that Plaintiffs provided Defendants their billing records, Plaintiffs' counsel has expended approximately 8 hours preparing thousands of documents responsive to Defendants' discovery demands, which Plaintiffs intend to produce forthwith now that Your Honor signed the Protective Order.  When Comptroller authority is finally received, either Plaintiffs must forego the additional fees incurred on discovery since the Comptroller memorandum was submitted, which will easily amount to several thousands of dollars, especially if the parties pursue depositions,[3] or further time will be required to seek additional Comptroller authority for the extra discovery fees.  A denial of a short stay while we wait for Comptroller authority to settle this action thus puts Plaintiffs in an untenable situation, which, as Your Honor noted, is due to Defendants' previous delays.  A denial of a stay essentially punishes Plaintiffs for Defendants' prior counsel's actions because Plaintiffs' counsel will incur significant fees, which we may not be able to recoup, in order to conduct discovery, which will ultimately prove to be unnecessary if this case settles.

      Second, the parties remain very interested in trying to settle this matter and are now making real progress towards a resolution.  On March 3rd, Plaintiffs provided Defendants with a proposed Stipulation of Settlement and their billing records so that Defendants can seek Comptroller authority for settlement.  Plaintiffs then provided Defendants with updated billing records yesterday to reflect the additional discovery fees in this case thus far.  Defendants have indicated a continued interest in settlement and a commitment to work expeditiously for Comptroller authority.  Once Defendants have Comptroller authority, Plaintiffs are optimistic that this case will be resolved via settlement.  As previously noted to Your Honor, Plaintiffs' counsel has successfully resolved the majority of its IDEA cases for fees via settlement, without motion practice and without court mediation.  We have every reason to believe that the parties in this action will be able to agree upon the fees, once Comptroller authority is obtained.  As discussed *supra*, however, further progress in settlement must be paused due to Defendants' settlement procedures.  While it is regrettable that Defendants will need at least a couple of

---

[2] Under the IDEA, Plaintiffs, as the prevailing party in the underlying actions, are entitled to an award of reasonable attorneys' fees and costs.  20 U.S.C. § 1415(i)(3)(B)(i)(I); 34 C.F.R. § 300.517.  Plaintiffs are also entitled for an award of fees for work performed in this action.  In their Answer, Defendants admitted that Plaintiffs are the prevailing party in the underlying actions.  Answer ¶¶ 64, 71, ECF No. 16.

[3] It is no surprise that discovery is usually the largest portion of litigation costs as it is expensive and time-consuming.  Lynch, Kevin, *When Staying Discovery Stays Justice: Analyzing Motions to Stay Discovery When a Motion to Dismiss is Pending*, The Wake Forest L. Rev., *available at* http://www.wakeforestlawreview.com/2012/04/when-staying-discovery-stays-justice-analyzing-motions-to-stay-discovery-when-a-motion-to-dismiss-is-pending/ (last visited Mar. 7, 2022).

weeks to make a settlement offer, it is simply the reality of the situation and Plaintiffs should not be punished – by denying their requested stay – for Defendants' settlement procedures.

The Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York impose obligations on counsel to engage in serious settlement discussions. *See*, *e.g.*, Fed. R. Civ. P. 16 and Local Rule 47.1. Moreover, Rule 1, which imposes a duty upon counsel to act accordingly, states that the Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. The most "just, speedy and inexpensive" resolution of this action would most likely occur via a settlement (even with the delay waiting for Comptroller approval) with a short stay of discovery. Further, Plaintiffs propound that there is "good cause" for a stay of discovery – a halt on increasing legal fees needlessly and to promote settlement.

For these reasons, Plaintiffs respectfully request Your Honor reconsider her statement denying a stay of discovery. Plaintiffs respectfully request that the Court grant a forty-five-day stay of discovery, with the parties submitting an updated status report no later than April 10, 2022.[4] Plaintiffs are hopeful that, by April 10th, Defendants will have Comptroller authority and we would know then if this case will be resolved via settlement.

Plaintiffs thank the Court for its continued time and attention to this matter.

Respectfully submitted,

*Erin O'Connor*

Erin O'Connor, Of Counsel
The Law Office of Elisa Hyman, P.C.
Counsel for Plaintiffs

cc: Shefali Singh, Counsel for Defendants, via ECF

Plaintiff shall file a letter by **March 10, 2022**, stating whether any discovery at all is necessary in this case now that Plaintiff has received substantive relief and the remaining issue is legal fees.

Dated: March 9, 2022
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

---

[4] Depositions would thus need to be completed no later than May 19, 2022; Requests to admit would be served no later than May 26, 2022; and fact discovery would close June 9, 2022.